IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, *Plaintiff* | § § § § | |
| v. | § § | MO:17-CV-00246-DC |
| DAVID JOEDWARD CARDONA, DAVID HARPER, individually and as next friend to D.H., a minor child, and C.H., a minor child; and CANDICE HARPER, individually and as next friend to D.H., a minor child, and C.H., a minor child; *Defendants*. | § § § § § § § § § | |

## MEMORANDUM OPINION

This is a declaratory judgment action by Plaintiff New York Marine and General Insurance Company against Defendants David Joedward Cardona, David Harper, as next friend to D.H. and C.H., minor children, and Candice Harper, as next friend to D.H. and C.H., minor children, seeking a declaration that the claims which form the basis of Cause No. D-16-08-0803-CV in the 358th Judicial District Court of Ector County, Texas are not covered under Plaintiff's Policy No. AU201500007542 issued to C&S Crane and Rigging, LLC (the Policy); that Plaintiff has no duty under the Policy to provide a defense to nor indemnify Defendant Cardona for the claims that form the basis of Cause No. D-16-08-0803-CV in the 358th Judicial District Court of Ector County, Texas; and for all other relief it shows it is entitled to. (Doc. 1 at 5–6). Namely, this is a declaratory judgment action to determine coverage under the "omnibus clause"[1] of a commercial automobile liability policy.

---

1. "An omnibus clause is a 'provision in an automobile-insurance policy that extends coverage to all drivers operating the insured vehicle with the owner's permission.'" *See Old Am. Cnty. Mut. Fire Ins. Co. v. Renfrow*, 130 S.W.3d 70, 71 (Tex. 2004) (citing *Omnibus Clause*, BLACK'S LAW DICTIONARY 1116 (7th ed.1999)).

The parties identified one material issue of fact and submitted the issue to the jury for its resolution. The Court asked the jury the following: "On March 27, 2016, the day of the accident, did David Joedward Cardona have implied permission to operate the Ford F250 owned by Joe Cardona and C&S Crane and Rigging?" The jury answered in the affirmative, a finding demonstrating that, under the omnibus clause, coverage under the Policy extends to Defendant Cardona, the driver of the insured vehicle on the day of the accident. *See, e.g.*, *Old Am. Cnty. Mut. Fire Ins. Co. v. Renfrow*, 130 S.W.3d 70, 71 (Tex. 2004) (explaining the application of the omnibus clause). The Court now enters declaratory judgment against Plaintiff and in favor of the Harper Defendants in accordance with the jury's verdict, declaring that Defendant Cardona had implied permission to use the insured vehicle with the owner's permission—meaning that, as a matter of law, Defendant Cardona was covered by the policy at the time of the accident.

## DECLARATORY JUDGMENT

In accordance with the jury's resolution of the factual matter submitted to the jury on May 9, 2019, and the Court's Memorandum Opinion on this date, the Court hereby **DECLARES** that Defendant David Joedward Cardona was an omnibus insured on the date of the accident that gave rise to the claims which form the basis of Cause No. D-16-08-0803-CV in the 358th Judicial District Court of Ector County, Texas under Policy No. AU201500007542 issued by Plaintiff to C&S; and, that Plaintiff owes Defendant Cardona a duty to defend and a duty of

indemnity in relation to the claims which form the basis of Cause No. D-16-08-0803-CV in the 358th Judicial District Court of Ector County, Texas.

It is so **ORDERED**.

SIGNED this 11th day of May, 2019.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE